THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RICHARD CHAD RANDALL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH et al.,<br><br>Defendants. | **O R D E R**<br><br>Case No. 4:19-CV-38-DN<br><br>District Judge David Nuffer |

On March 31, 2023, the Court ruled on Defendants' Motion to Dismiss, granting it in part and denying it in part. (ECF Nos. 31, 44.) On the basis of failure to establish an affirmative link and qualified immunity, all federal constitutional claims were dismissed. (ECF No. 44.) However, the Motion to Dismiss was denied as to Plaintiff's RLUIPA claim for prospective relief regarding Defendants in their official capacities. (*Id.*) On this last claim, Defendants were ordered to proceed with further litigation. (*Id.*)

Plaintiff then filed a motion for relief from the part of the Court's Order granting the Motion to Dismiss. (ECF No. 45.) Defendants responded, opposing that motion. (ECF No. 46.) Plaintiff mainly argues (1) the Court's Order was based on the faulty premise that--as an inmate--he has no right to possess publications; (2) caselaw clearly establishes his position that he was entitled to possess the publication at issue; and (3) Defendants Gehrke and Nelson had a fiduciary duty to him regarding his right to receive his mail.

Defendants are correct that a motion for relief from judgment is meant for final judgments and so is inapplicable here. (ECF No. 46.) Further, Plaintiff has mischaracterized the part of the Court's Order granting the Motion to Dismiss. (ECF Nos. 44, 45.) The Court did not say that, in general, inmates have no right to possess publications. (ECF No. 44.) Further, the Court's analysis regarding qualified immunity was narrowly based on the caselaw presented by Plaintiff, who simply did not carry his burden of showing clearly established law. (*Id.*) The Court will not now entertain other caselaw presented by Plaintiff in his motion for relief from judgment. (ECF No. 45.) And, finally, the Court rejects Plaintiff's new argument (not contained in his Amended Complaint) that Defendants Gehrke and Nelson had a "fiduciary duty" to Plaintiff regarding mail delivery. (ECF Nos. 26, 45.) The Court's analysis was limited to the allegations contained within the four corners of the Amended Complaint. (ECF Nos. 26, 44.)

**IT IS THEREFORE ORDERED** that Plaintiff's motion for relief from judgment is **DENIED**. (ECF No. 45.)

DATED this 2nd day of June, 2023.

BY THE COURT:

s/ David Nuffer

JUDGE DAVID NUFFER
United States District Court