THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICHARD CHAD RANDALL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 4:19-cv-38-DN<br><br>District Judge David Nuffer |

Plaintiff Richard Chad Randall, appearing pro se, seeks relief from Defendants' refusal to allow him access to *Tarot Compendium*, a text he purchased to assist in the practice of his Wiccan faith. This court has previously dismissed several of Plaintiff's related claims. *See*, ECF No. 44 (Dismissing all claims except claims based on Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C.S. §2000cc, *et seq*. against Defendants in their official capacities.)

Defendants move for summary judgment of Petitioner's RLUIPA claim, arguing that Defendants' refusal to deliver *Tarot Compendium* does not violate RLUIPA as a matter of law. (ECF No. 58, at 16-26.) Defendants also move to dismiss Plaintiff's claim specifically against Defendant Caldwell because Defendant Caldwell is no longer an employee of the prison, and his successor cannot grant the requested relief. (ECF No. 58, at 15-16).

Two other motions are pending before the court: Defendants' unopposed motion to seal corrections records filed as exhibits in this proceeding. (ECF No. 51.) and Defendants' unopposed motion to substitute defendants based on the fact that the Defendant Nelson and Defendant Gehrke are no longer employed in their former capacities and their successors should

1

be substituted as Defendants in their place pursuant to Federal Rule of Civil Procedure 25. (ECF No. 57; 59)

Having considered the issues and the file in the light most favorable to Plaintiff as the non-moving party, the court finds that Defendants fail to establish that they are entitled to judgment as a matter of law. For the following reasons, Defendants' motion for summary judgment is therefore DENIED.

## I. BACKGROUND

Plaintiff Richard Chad Randall (Plaintiff) is incarcerated in the Central Utah Correctional Facility (CUCF) because of convictions in 2011 for child kidnapping and aggravated sex abuse of a child. Plaintiff is an adherent of the Wiccan faith.

In August 2018, Plaintiff ordered a text, *Tarot Compendium,* from a prison approved bookseller. On or around August 22, 2018, Plaintiff received a Property Disposition form notifying him that *Tarot Compendium* was "Denied for Nudity." *See*, ECF No. 3-6.

Neither party has argued that *Tarot Compendium* contains sexually explicit material, but it is undisputed that *Tarot Compendium* contains "upwards of fifty nude images of men, women, and children." (ECF No. 58, at 6.) Plaintiff has argued that depictions of nudity like those contained in *Tarot Compendium* are essential elements his religious practice. *See* ECF No. 3-12, at 4 ("There are no decks of Tarot cards which contain the symbolic teachings/meanings of the Tarot that do not contain depictions of the naked human body. This is because the naked body is the symbol of many ancient concepts."(emphasis in original)).

The approved bookseller's listing for the *Tarot Compendium* reads

> **\*6803652 Tarot Compendium**. By Giordano Berti et al. Everything you need to know about using the Tarot to explore deep metaphysical systems, the nature [illegible] the universe, the personal psyche and [illegible] psyche of others are found in

2

> [illegible] comprehensive reference. This volume is preceded by Tarot Fundamentals and Tarot Experience. Fully illus. in color. 656 pages. Lo Scarabeo. Import. Pub at $39.95   **$29.95**

(ECF No. 3-3, at 2.) Adjacent to the text is a low-quality image off what appears to be a book cover. The image appears to portray a clothed female figure, possibly wearing an elaborate headdress and holding some kind of placard in front of her. *See Id*. However, the copy in the record is of insufficient quality to discern additional detail. *See Id*. Neither party has suggested that the advertisement indicates that *Tarot Compendium* contains depictions of nudity or sexually explicit conduct.

Plaintiff grieved the denial and was informed that *Tarot Compendium* violated prison policies because it "features nudity." (ECF No. 3-6, at 14.) Plaintiff argued that *Tarot Compendium* that the prison's refusal to deliver his copy of *Tarot Compendium* was unlawful because the text did not "feature nudity" as defined in Utah law. (ECF No. 3-6, at 4-5 citing U.C.A. § 64-13-41(1)(b)(i)(A) ("Features nudity" means the information or material … promotes itself based upon depictions of nudity or sexually explicit conduct.").) After unsuccessfully attempting to obtain delivery of the text through the prison grievance process, Plaintiff filed suit in this court.

Plaintiff's Amended Complaint (ECF No. 26) asserted causes of actions founded in the Due Process, Establishment, Free Exercise, and Free Speech clauses of the Constitution, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See* U.S. Const. amends. I, V; 42 U.S.C.S. §§ 2000cc-2000cc-5 (2024). This court granted Defendant's motion to dismiss with regard to the Constitutional claims, but denied the motion with regard to the RLUIPA claim. *See*, ECF No. 44.

Plaintiff's sole surviving claim asserts that Defendants violated the RLUIPA because the

denial of *Tarot Compendium* substantially burdens the exercise of his religion and is not the least restrictive means of accomplishing compelling government interests. *Id.* at 4-5, 12-13. Plaintiff continues to argue that *Tarot Compendium* should not have been denied because it does not meet the definition of a publication which "features nudity" as that term is defined in Utah law and the prison's prohibited mail policy. Alternatively, Plaintiff argues that even if *Tarot Compendium* "features nudity" it should nevertheless be allowed because it qualifies for an exception to the prohibited mail policy under FD03/03.04(C) ("Material that is of a news or information type, may be admitted on a case-by-case basis if the material: 1. is not primarily for sexual arousal; 2. Is not primarily for prurient reasons; and 3. Does not threaten the safety, security and management of the prison.")

For the purposes of this motion for summary judgment, Defendants concede that the denial of *Tarot Compendium* substantially burdens Plaintiff's sincerely held practice of his Wiccan faith. (ECF No. 58, at 17.) However, Defendants contend that they have "met their burden to show that the denial of the *Tarot Compendium* serves a compelling government interest, and Defendants' offers to provide sufficiently similar texts without nudity is the least restrictive means furthering the governmental interests." (ECF No. 58, at 17-18, citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1318 (10th Cir. 2010).)

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). To prevail at

4

summary judgment, a movant is "obliged to show merely that a reasonable fact finder could rule his way when viewing the evidence in the record in the light most favorable to him." *Yellowbear v. Lampert*, 741 F.3d 48, 56 (10th Cir. 2014). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "look[s] at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

The movant has the initial burden to show "an absence of evidence to support an essential element of the non-movant's case." *Johnson v City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998). Once movant satisfies this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element." *Id*. The non-movant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

### B. Prohibited Mail Policy

The Utah Department of Corrections (UDC) is statutorily prohibited from allowing inmate access to material which "features nudity" as that term is defined in Utah law. *See* U.C.A. §§ 64-13-41(2) ("State funds may not be used to distribute … any commercially published information or material to an offender when the state employee … who has the authority to expend the funds knows that the commercially published information or material is sexually explicit or features nudity."); 64-13-41(1)(b)(i)(A) ("'Features nudity' means information or

material: (A) that in the case of a one-time publication or issue, promotes itself based upon depictions of nudity or sexually-explicit conduct.") UDC has discretion to make exceptions for "material containing nudity that is illustrative of medical, educational, or anthropological content" U.C.A. § 64-13-41(1)(b)(ii). Accordingly, the prison mail policy provides the following exception to its prohibited mail policy:

> Sexually-explicit information or material containing nudity that is illustrative of medical, educational or anthropological content may be accepted for distribution on a case-by-case basis, (e.g., National Geographic, Our Bodies, Our Selves, etc.), if the material:
> 1. is not primarily for sexual arousal;
> 2. is not primarily for prurient reasons (having too much interest with sexual matters);
> 3. is not of questionable literary value; and
> 4. does not threaten the safety, security, and management of the prison.

FD03.03/04(B) (ECF 52-1, at 23.)

### III. ANALYSIS

Defendants fail to establish whether the statutory definition of "features nudity" applies to *Tarot Compendium* as an undisputed material fact. Defendants' statement of undisputed material facts elides the distinction between materials that meet the statutory definition of "feature nudity" and materials which merely contain nudity. Defendants assert that

> 6. On or about August 22, 2018, delivery of *Tarot Compendium* was denied because it <u>contained nudity</u>. *Tarot Compendium* contains upwards of fifty nude images of men, women, and children.
> ….
> 21. When screening inmate mail and incoming personal property, the Department of Corrections is tasked with ensuring that certain materials do not enter CUCF, including materials <u>featuring nudity</u>.
> 22. If the inmate mail or incoming property <u>feature nudity</u>, the Department of Corrections may deny that mail or personal property if it decides that such material will "threaten the safety, security, and management of the prison.
> 23. The Department of Corrections <u>prohibits nudity</u> to serve its legitimate penological interest in safety, security, and inmate

6

    rehabilitation….

ECF No. 58, at 9 (emphasis added) (citations omitted.)

  The distinction between "features nudity" and "contains nudity" is important because Defendants' authority (and responsibility) to refuse delivery of *Tarot Compendium* derives from Utah statute which provides the statutory definition of "features nudity." See U.C.A. §§ 64-13-41(1)(b)(i)(A) ("State funds may not be used to distribute … material to an offender when the state employee, contractor, or private provider who has the authority to expend the funds knows that the commercially published information or material is sexually explicit or features nudity."); 64-13-41(1)(b)(i)(A) ("'features nudity' means the information or material … promotes itself based upon depictions of nudity or sexually-explicit conduct.")

  Significantly, the statute designates a different definition for "features nudity" in the context of a one-time publication or issue compared to a periodical. When applied to a "one-time publication or issue" "features nudity" means "the information or material … promotes itself based upon depictions of nudity or sexually explicit conduct." U.C.A. § 64-13-41(1)(b)(i)(A). In contrast, the legislature created a lower "contains nudity" standard to be applied to periodicals: "in the case of information or material other than under Subsection (1)(b)(i)(A)" "features nudity" means the information or material "contains depictions of nudity or sexually explicit conduct on a routine or regular basis." U.C.A. § 64-13-41(1)(b)(i)(B). Unlike "features nudity," "Contains nudity" is not defined. Neither party contends that the depictions in *Tarot Compendium* meet the definition of "sexually explicit" which is common to both categories. *See* U.C.A. § 64-13-41(1)(e). ("'Sexually explicit' means a pictorial depiction of actual or simulated sexual acts, including sexual intercourse, sodomy, or masturbation.")

  Therefore, interpreting "features nudity" as applied to a single publication like *Tarot*

*Compendium* merely to mean that the publication "contains nudity" destroys the legislative distinction between one-time publications and periodicals.

Defendants nevertheless argue that *Tarot Compendium* meets the definition for "features nudity." (ECF No. 62, at 7.) To reach this conclusion, Defendants superimpose a dictionary definition of "feature" *Id*. (observing that "Merriam Webster's Dictionary defines 'feature' as 'a prominent part or characteristic.'") Defendants argue that "*Tarot Compendium*" includes upward of 50 pages with nude imagery of men, women, and children. As such nudity is a 'prominent part of characteristic' of *Tarot Compendium* and it facially promotes itself based upon depictions of nudity" *Id*. at 7-8.

However, the dictionary definition of "feature" is inapposite to the statutory definition of "features nudity." Therefore, Defendants can only establish that *Tarot Compendium* "features nudity" if they can show that it "promotes itself based upon depictions of nudity or sexually explicit conduct."

Based on evidence in the record, considered in the light most favorable to Plaintiff, a fact finder might reasonably conclude that *Tarot Compendium* does not market itself based on depictions of nudity and therefore does not "feature nudity." The record includes the listing used by the prison-authorized bookseller to market *Tarot Compendium*. The listing contains no indication that *Tarot Compendium* contains depictions of nudity or sexually explicit conduct. Again, the advertisement for *Tarot Compendium* reads:

> **\*6803652 Tarot Compendium.** By Giordano Berti et al. Everything you need to know about using the Tarot to explore deep metaphysical systems, the nature [illegible] the universe, the personal psyche and [illegible] psyche of others are found in [illegible] comprehensive reference. This volume is preceded by *Tarot Fundamentals* and *Tarot Experience*. Fully illus. in color. 656 pages. Lo Scarabeo. Import. Pub at $39.95   **$29.95**

(ECF No. 3-3, at 2.) Adjacent to the text is an image off what appears to be a book cover. The image appears to portray a clothed female figure, possibly wearing an elaborate headdress and holding some kind of placard in front of her. *See Id*. However, the copy in the record is of insufficient quality to make out any more detail. *See Id*. Neither party has suggested that the listing markets *Tarot Compendium* based on depictions of nudity or sexually explicit conduct. Therefore, a reasonable fact finder could conclude that Tarot Compendium does not "feature nudity" because it does not market itself based on depictions of nudity.

However, in order to defeat summary judgment, the non-movant must also establish that an undisputed fact is material. *Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). ("[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact.")

Whether *Tarot Compendium* "features nudity" is material to the proceedings because that definition the fundamental legal basis for Defendants' authority to refuse to deliver *Tarot Compendium*. Defendants effectively concede that they ban all nudity, not just publications which "feature nudity" as defined in the Utah law. *See* ECF No. 58, at 9 ("The Department of Corrections prohibits nudity to serve its legitimate penological interest in safety, security, and inmate rehabilitation."); Declaration of James Hudspeth (ECF No. 52-17 ("As a standard practice the prison does not allow nude imagery into the facility.").) However, they have not offered any authority by which they could refuse delivery of *Tarot Compendium* if it does not "feature nudity." Whether Tarot Compendium "features nudity" is a material disputed fact because it might affect the outcome of the suit under governing law.

### IV. DEFENDANT'S MOTION TO DISMISS AGAINST DEFENDANT CALDWELL

Defendants move to dismiss Plaintiff's claim against Defendant Caldwell because he is no

longer employed by UDC and can therefore, no longer provide relief in an RLUIPA action. (ECF No. 58, at 15-16.) Petitioner opposes the motion. Neither the motion to dismiss, nor the reply in support explains why Defendant Caldwell's successor cannot be substituted in under Federal Rule of Civil Procedure 25(d) and local rule 7-1(a)(2)(D). Therefore, Defendants fail to establish that they are entitled to the requested relief.

## V. CONCLUSION

For the purposes of this motion, Defendants concede that they have imposed a substantial burden on Plaintiff's sincerely held religious exercise. (ECF No. 58, at 17.) However, Defendants, as the moving party, have failed to meet their burden to establish the absence of a genuine dispute of material fact which would entitle them to judgment as a matter of law. The court need not reach RLUIPA's requirement that the government establish that refusal of Tarot Compendium is the least restrictive means of achieving a substantial government interest.

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion for Summary Judgment (ECF No. 58) is **DENIED**.
2. Defendant's motion to dismiss claims against Defendant Caldwell is **DENIED**.
3. Defendants' Motion to Seal is **GRANTED** (ECF No. 51) as unopposed.
4. Defendants' Motion to Substitute Parties (ECF No. 57; 59) is **GRANTED** as unopposed.

5.    Defendants have thirty days in which to **SHOW CAUSE** why Defendant Caldwell's successor should not be substituted as a Defendant in accordance with Federal Rule of Civil Procedure 25(d) and local DU7-1(a)(2)(D).

DATED this 26th day of March, 2024.

                                                                        BY THE COURT:

                                                                  _____
                                                                  JUDGE DAVID NUFFER
                                                                  United States District Court