KYLE KAISER (13924)
MADELINE P. OLSEN (19034)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov
		madelineolsen@agutah.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD CHAD RANDALL,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendants. | **DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT**<br><br>Case No. 4:19-cv-00038<br><br>Judge Honorable David Nuffer |

Defendants Steve Gehrke, Shane Nelson, and Lance Caldwell, through counsel, hereby move the court under Rule 54(b) of the Federal Rules of Civil

Procedure to reconsider its March 26th, 2024, ruling on Defendants' Motion for Summary Judgment.

## INTRODUCTION AND RELIEF REQUESTED

On March 26, 2024, the Court denied Defendants' Motion for Summary Judgment on the grounds that there is a dispute of material fact regarding whether Utah's statutory definition of "features nudity" applies to *Tarot Compendium*. However, whether Defendants' refusal to allow Plaintiff Randall access to *Tarot Compendium* violated the state statute is not the same inquiry as whether that decision violated RLUIPA, upon which Randall's only remaining claim is based. Defendants therefore seek further guidance from the Court as to whether a dispute of material fact exists regarding a violation of RLUIPA.

## STATEMENT OF RELEVANT FACTS

1. Randall is incarcerated in Central Utah Correctional Facility (CUCF) in Gunnison, Utah, for his 2011 conviction of child kidnapping and aggravated sex abuse of a child.[1]

2. On or about August 13, 2018, Randall ordered *Tarot Compendium*.[2]

---
[1] *See* SJ&C Case 101402019.
[2] *See* Pl.'s Am. Compl. at 5 ¶¶ 12–13 (Doc. 22-1).

3. On or about August 22, 2018, delivery of *Tarot Compendium* was denied.[3]

4. On May 8, 2019, Randall initiated a complaint in the United States District Court, District of Utah, which, after a series of amendments, sought damages and injunctive relief based on Utah Department of Corrections (UDC) officials' denial of *Tarot Compendium*.[4]

5. This Court issued a Memorandum Decision & Order Granting, in Part, UDC Officials' Motion to Dismiss.[5] The Court ordered that all claims against Defendants be dismissed except for Randall's RLUIPA claim.[6]

6. Defendants moved for summary judgment on Randall's RLUIPA claim.[7]

7. On March 26, 2024, the Court issued a Memorandum Decision & Order Denying Defendants' Motion for Summary Judgment.[8] The Court's basis for

---

[3] UDC Book Disposition, attached to *Martinez* Report (sealed) (Doc. 52-7).
[4] Pl.'s Compl. (Doc. 03).
[5] Mem. Decision & Order Granting Mot. to Dismiss (Doc. 44).
[6] *Id*. at 15–16.
[7] *See* Defs.' Mot. for Summ. J. (Doc. 58); Pl.'s Opp. to Mot. for Summ. J. (Doc. 61); Defs.' Reply in Support of Mot. for Summ. J. (Doc. 62).
[8] Mem. Decision & Order Denying Defs.' Mot. for Summ. J. (Doc. 65).

denial was that a dispute of material fact exists as to whether the state statutory definition of "features nudity" applies to *Tarot Compendium*.[9]

### **LEGAL STANDARD**

Although the Federal Rules of Civil Procedure do not formally recognize motions for reconsideration before entry of final judgment, "such motions may be addressed by a district court under Rule 54(b)." *Pia v. Supernova Media, Inc.*, No. 2:09-CV-00840-DN-EJF, 2014 WL 7261014, at *1 (D. Utah Dec. 18, 2014). Rule 54(b) states that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). When a party seeks to obtain reconsideration of a non-final order under Rule 54(b), the motion for reconsideration is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991). As such, "the district court should not apply the standards of Rule 59(e) or Rule 60(b) in such review because those rules apply to 'final orders or judgments.'" *Pia*, 2014 WL 7261014, at *1.

---

[9] *Id.* at 6.

4

# ARGUMENT

The Court denied Defendants' Motion for Summary Judgment on the basis that a reasonable fact finder could conclude that *Tarot Compendium* does not "feature nudity." The Court reasoned that whether *Tarot Compendium* "features nudity" is material to the proceedings because that definition is the fundamental legal basis for Defendants' authority to refuse to deliver *Tarot Compendium*. However, while the Court focused on a potential violation of the state statute, the relevant inquiry is whether Defendants' actions violated RLUIPA. To the extent that Defendants' arguments were unclear, Defendants take this opportunity to clarify them.

RLUIPA provides that "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden (1) furthers "a compelling governmental interest" and (2) does so by "the least restrictive means." 42 U.S.C. § 2000cc–1(a)(1)-(2). Defendants did not contest for the purposes of the Motion for Summary Judgment Randall's claim that his desire to receive *Tarot Compendium* is part of his practice of the Wiccan religion, that his exercise is motivated by a sincerely held belief, and that the denial of *Tarot Compendium* substantially burdens Randall's religious belief. Rather, Defendants

contended that denying *Tarot Compendium* serves a compelling governmental interest and that offering to provide sufficiently similar texts without nudity is the least restrictive means to further those interests.

Regardless of whether *Tarot Compendium* "features nudity" according to the state statutory definition, Defendants actions did not violate RLUIPA. UDC has a compelling interest in prohibiting *Tarot Compendium* because allowing Randall to have a book with a copious number of nude depictions would compromise prison safety and security, as well as Randall's rehabilitation given his particular history. The state statutory definition of "features nudity" has no bearing on whether these interests are compelling or not. In fact, prison safety and security is a well-established compelling governmental interest. *See, i.e.,* [Cutter v. Wilkinson, 544 U.S. 709, 725 n. 13 (2005)](). Additionally, under RLUIPA's least-restrictive means standard, the government must "refute … alternative schemes suggested by the plaintiff to achieve [the compelling governmental interest] and show why they are inadequate." [Yellowbear v. Lampert, 741 F.3d 48, 62–63 (internal quotations omitted)](). Despite that UDC has offered Randall other tarot books as alternatives, the only alternative scheme Randall has suggested is sufficient is for Defendants to make an exception and give him *Tarot Compendium*. As argued in Defendants'

Motion for Summary Judgment, this would not achieve UDC's compelling governmental interests.

Moreover, Defendants never asserted that the state statute was the only basis for denying Randall access to *Tarot Compendium*. Pursuant to UDC policy, UDC must regulate inmate mail to ensure the prison's interests in security, safety, order, and treatment.[10] As argued in Defendants' Motion for Summary Judgment and evidenced in the *Martinez* Report, in order to follow this policy, UDC may choose to prohibit publications with nudity because, for example, such publications can be counterproductive to the treatment some inmates are receiving and because they can lead to an increase in sexual contact, wanted or unwanted, between inmates.[11] Such materials can also lead to altercations between inmates fighting over the material.[12] Thus, notwithstanding the state statute, UDC has the discretion to deny publications with nudity like that in *Tarot Compendium*, as they compromise security, safety, order, and treatment.

Denying *Tarot Compendium* serves a compelling governmental interest, and Defendants' offers to provide sufficiently similar texts without nudity is the least restrictive means by which to further those interests. Because of the importance of

---

[10] *Martinez* Report, Ex. 1, FD03/1.04 (B).
[11] *Martinez* Report, Ex. 16, Decl. of Bryan Taylor, ¶¶ 7–8.
[12] *Martinez* Report, Ex. 14, Decl. of Spencer Turley, ¶ 12.

this matter and the serious effects of providing the book to Randall, as well as to avoid the inefficiency of a trial on the merits, Defendants respectfully ask the Court to reconsider its denial of Defendants' Motion for Summary Judgment. If the Court has further questions, Defendants are willing to participate in oral argument on the issue and will arrange for Randall to attend remotely.

## CONCLUSION

For these reasons, Defendants' Motion for Reconsideration should be granted.

RESPECTFULLY SUBMITTED THIS 19th day of April, 2024.

        OFFICE OF THE UTAH ATTORNEY GENERAL

        */s/ Madeline P. Olsen*
        MADELINE P. OLSEN
        KYLE J. KAISER
        Assistant Utah Attorney General
        *Attorneys for Defendants*

## CERTIFICATE OF MAILING

I certify that on this 19th day of April 2024, I served the foregoing **DEFENDANTS' MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT** by placing a true and correct copy in outgoing, United States mail, postage prepaid, and marked "Legal Mail" to the following:

Richard C. Randall #133475
Central Utah Correctional Facility
P.O. Box 550
Gunnison, UT 84634

/s/Dustie Ross