KYLE KAISER (13924)
MADELINE P. OLSEN (19034)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov
        madelineolsen@agutah.gov
*Attorneys for Defendant*

---

## UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RICHARD CHAD RANDALL,<br><br>Plaintiff(s),<br><br>v.<br><br>STATE OF UTAH, et al.,<br><br>Defendant. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT**<br><br>Case No. 4:19-cv-00038<br><br>Judge Honorable David Nuffer |

Defendants Steve Gehrke, Shane Nelson, and Lance Caldwell, through

counsel, hereby submit their reply in support of their Motion for Reconsideration

of Denial of Summary Judgment. Plaintiff Randall's only remaining claim is a

RLUIPA claim, and whether Defendants' refusal to allow Randall access to *Tarot*

*Compendium* violated the state statute is not the same inquiry as whether that decision violated RLUIPA.

## LEGAL STANDARD

Defendants cited *Pia v. Supernova Media, Inc.*, No. 2:09-CV-00840-DN-EJF, 2014 WL 7261014, at *1 (D. Utah Dec. 18, 2014) (unpublished), to establish that, as a baseline, the Court is not constrained to the standards of Rule 59(e) or Rule 60(b) in reviewing a motion to reconsider an interlocutory ruling. While *Pia* does provide additional guidelines for considering a motion for reconsideration, a district court "can use whatever standard it wants to review a motion to reconsider an interlocutory order." *SFF-TIR, LLC v. Stephenson*, 264 F. Supp. 3d 1148, 1219 (N.D. Okla. 2017); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 312 F.R.D. 620, 647 (D.N.M. 2015). The district court can "review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch" or "can review the ruling de novo but limit its review." *Id.* If the Court chooses to follow the guidelines in *Pia*, this motion is still appropriate because its purpose is not to merely restate the party's initial position nor to state a mere disagreement with the Court's decision. Rather, Defendants seek guidance on how the issue of fact about the statutory definition actually pertains to Randall's RLUIPA claim. The statute was mentioned by Defendants but was not the exclusive basis of their denial of *Tarot Compendium* and creates a new focus in the suit.

## ARGUMENT

Randall contends that "the question is not, has never been, and will never be: 'are safety/rehabilitation compelling government interests?'"[1] But this is precisely the question in this matter, as this is the inquiry the law demands in considering RLUIPA claims. *See* 42 U.S.C. § 2000cc–1(a)(1)-(2). Randall asserts that, instead, the question is whether the denial of *Tarot Compendium* is connected to the governmental interests, which Randall is likely pulling from the "rational connection" language of the *Turner* test. *See Turner v. Safley*, 482 U.S. 78 (1987). Randall's only remaining claim is a RLUIPA claim, not a First Amendment claim. Of course, under RLUIPA, the government must show that the burden *furthers* the compelling interest, so there must be an element of relatedness. And as Defendants have established in their Motion for Summary Judgment, denying Randall, a sex offender, a book with many depictions of nudity, including that of children, furthers and is thus related to the compelling governmental interests of prison safety and rehabilitation for several reasons.[2]

Whether *Tarot Compendium* "features nudity" is not crucial to whether denying the book furthers the governmental interests. RLUIPA requires inquiry into "the particular burden the government has placed on the *particular claimant*

---

[1] Pl.'s Opp'n to Mot. for Recons. (Doc. 71), at p. 4.
[2] *See* Defs.' Mot. for Summ. J. (Doc. 58), at pp. 16–19.

before [the Court]." *Yellowbear v. Lampert*, 741 F.3d 48, 57 (emphasis added).

Randall is a sex offender inmate, and even if *Tarot Compendium* does not "feature

nudity," possession of so many nude depictions would be detrimental to Randall's

rehabilitation as a sex offender inmate. *See Hopkins v. Garcia*, No. C21-4010-LTS,

2023 WL 2695102, at *6 (N.D. Iowa Mar. 29, 2023) (unpublished) (finding a

correctional facility to have a "legitimate penological interest" in restricting

counter-therapeutic materials including nudity from entering into a sex offender

treatment facility); *Odneal v. Schnell*, No. 22CV03107JRTJFD, 2024 WL 95191,

at *5 (D. Minn. Jan. 9, 2024) (D. Minn. Feb. 6, 2024) ("Courts have routinely

found that . . . treatment of sex offenders . . . are all legitimate penological goals

that justify regulating nudity.")

Randall also contends that "there is a material dispute between parties that

their blanket ban on all nude depictions has any rational connection to prison safety

and/or rehabilitation."[3] Again, the "rational connection" language likely stems

from the *Turner* test, and Randall's claim is a RLUIPA claim, not a First

Amendment claim. More significantly, Defendants have not argued that there is a

blanket ban on all nude depictions, and Randall did not allege so in his operative

Complaint.[4] As Randall points out, there is an available policy exception,[5] and

---

[3] Pl.'s Opp'n to Mot. for Recons. (Doc. 71), at p. 3.
[4] Am. Compl. (Doc. 26), at pp. 5, 12–13.
[5] FD03/03.04(B), *Martinez Report* Ex. 1 (doc. 52-1).

Randall has not provided any objective evidence that this exception is *never* applied as he claims. No reasonable jury would find that denying a sex offender one book replete with nudity amounts to a blanket ban on nudity. There is no genuine dispute on this issue.

As for the least-restrictive means, Randall argues again that the only sufficient alternative scheme is for Defendants to make an exception and give him *Tarot Compendium*. The policy exception is considered on a case-by-case basis,[6] and thus Utah Department of Corrections (UDC) officials have discretion on whether to apply the exception or not. Applying the exception in Randall's case would not achieve UDC's compelling governmental interests, as Defendants have sufficiently refuted in Defendants' Motion for Summary Judgment.[7] That Defendants will not apply the exception to Randall does not mean that the exception is never applied, and again, Randall has not provided any objective evidence that this exception is never applied.

Ultimately, it is not accurate that without the state statute, Randall would have his book.[8] Defendants never asserted that the state statute was the only basis for denying Randall access to *Tarot Compendium*. Even if *Tarot Compendium* does not "feature nudity," Defendants could deny Randall, a sex offender, the book

---

[6] FD03/03.04(B), *Martinez Report* Ex. 1 (doc. 52-1).
[7] *See* Defs.' Mot. for Summ. J. (Doc. 58), at pp. 20–21.
[8] Pl.'s Opp'n to Mot. for Recons. (Doc. 71), at p. 4.

because doing so furthers the compelling governmental interests of prison safety and rehabilitation and because offering to provide sufficiently similar texts without nudity is the least restrictive means to further those interests. Thus, even if there were a violation of the state statute, Defendants did not violate RLUIPA.

## **CONCLUSION**

For these reasons and those in Defendants' Motion for Reconsideration, this motion should be granted.

RESPECTFULLY SUBMITTED THIS 16th day of May, 2024.

OFFICE OF THE UTAH ATTORNEY GENERAL


/s/ *Madeline P. Olsen*
MADELINE P. OLSEN
Assistant Utah Attorney General
*Attorney for Defendants*

## CERTIFICATE OF MAILING

I certify that on this 16th day of May 2024, I served the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT** by placing a true and correct copy in outgoing, United States mail, postage prepaid, and marked "Legal Mail" to the following:

Richard C. Randall #133475
Central Utah Correctional Facility
P.O. Box 550
Gunnison, UT 84634


/s/ *Sheri D. Bintz*