THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RICHARD CHAD RANDALL,<br><br>Plaintiff,<br><br>v.<br><br>WENDY ALDRICH-HORLACHER, Acting Director of Administrative Services, BART MORTENSEN, Warden,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING IN PART AND DENYING IN PART MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Case No. 4:19-cv-38-DN<br><br>District Judge David Nuffer |

Defendants move for reconsideration (ECF No. 68) of the denial (ECF No. 65) of their motion for summary judgment (ECF No. 58). Plaintiff moves for appointment of counsel. (ECF No. 66.) Defendants argue that they have met their burden to show that their refusal to allow Plaintiff access to *Tarot Compendium* serves a compelling government interest and that their offer to provide alternate texts is the least restrictive means to achieve that interest. Defendants fail to establish that their offer to provide alternate Tarot texts of their choice is the least restrictive means to accomplish their compelling government interest.

For the reasons below, Defendants' motion for reconsideration (ECF No. 68) is DENIED. Plaintiff's motion for appointment of counsel (ECF No. 66) is GRANTED IN PART and DENIED IN PART.

## RECONSIDERATION

A motion for reconsideration may be addressed by a district court under Rule 54(b). "There are three scenarios in which a litigant may successfully argue for reconsideration: when "(1) substantially different, new evidence has been introduced; (2) subsequent, contradictory controlling authority exists; or (3) the original order is clearly erroneous." *Pia v. Supernova*

1

*Media, Inc.,* No. 2:09-cv-00840-DN-EJF, 2014 U.S. Dist. LEXIS 175028, at *7 (D. Utah Dec. 18, 2014)

## RLUIPA

Congress passed the Religious Land Use and Institutionalized Persons Act ("RLUIPA") to elevate religious protections for institutionalized persons above those established by the First Amendment. *Ramirez v. Collier*, 595 U.S. 411, 424 (2022). "RLUIPA provides that '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution'—including state prisoners—'even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.'" *Id*. at 424-25 (quoting 42 U. S. C. §2000cc-1(a)).

Under RLUIPA, a plaintiff bears the initial burden of proving that a government policy "implicates his religious exercise." *Id*. at 425 (quoting *Holt v. Hobbs*, 574 U.S. 352, 360 (2015)). "Once a plaintiff makes such a showing, the burden flips and the government must 'demonstrate[ ] that imposition of the burden on that person' is the least restrictive means of furthering a compelling governmental interest." *Id*. at 425 (citations omitted). "Under RLUIPA, the government cannot discharge this burden by pointing to 'broadly formulated interests.'" *Id*. at 427 (quoting *Burwell* v. *Hobby Lobby Stores, Inc.*, 573 U.S. 682, 726 (2014)). "It must instead 'demonstrate that the compelling interest test is satisfied through application of the challenged law [to] the particular claimant whose sincere exercise of religion is being substantially burdened." *Id*. (quoting *Holt v. Hobbs*, 574 U.S. at 363). The standard is "exceptionally demanding" *Holt v. Hobbs*, 574 U.S. at 364. RLUIPA does not permit unquestioning deference

to prison officials' expertise in maintaining prison security. *Holt v. Hobbs*, 574 U.S. at 364

(citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 434 (2006)).

> Congress "anticipated that courts would apply [RLUIPA's] standard with due deference to the experience and expertise of prison and jail administrators." [*Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)] (quotation omitted). "At the same time, however, inadequately formulated prison regulations and policies grounded on mere speculation, exaggerated fears, or post-hoc rationalizations will not suffice to meet the act's requirements." 146 Cong. Rec. 16698, 16699 (July 27, 2000) (joint statement of Sen. Hatch and Sen. Kennedy) (quotation omitted).

*Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1318 (10th Cir. 2010).

For the purposes of the Motion for Summary Judgment, Defendants do not contest that Plaintiff's desire to receive *Tarot Compendium* is part of his practice of the Wiccan religion, that his exercise is motivated by a sincerely held belief, or that the denial of *Tarot Compendium* substantially burdens Randall's religious belief. ECF No. 68, at 5. Therefore, Defendants assumed the burden under RLUIPA to show that that their refusal to allow Plaintiff access to *Tarot Compendium* "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C.S. § 2000cc-1(a) (2025).

**Compelling Governmental Interests**

Defendants identify two compelling governmental interests to justify their refusal to deliver *Tarot Compendium*: prison security and Plaintiff's rehabilitative needs. ECF No 68 at 6. Defendants argue that publications with nudity "can be counterproductive to the treatment some inmates are receiving and because they can lead to an increase in sexual contact, wanted or unwanted, between inmates." *Id*. And "[s]uch materials can also lead to altercations between inmates fighting over the material." *Id*.

3

**Least Restrictive Means**

Defendants contend that their "offers to provide sufficiently similar texts without nudity is the least restrictive means furthering the governmental interests." ECF No. 58, at 17-18 (citing *Abdulhaseeb v. Calbone*, 600 F.3d at 1318). Plaintiff argues that prison policy provides a less restrictive alternative, because the policy provides for case-by-case exceptions for publications that contain nudity that is "illustrative of medical, educational or anthropological content." But Plaintiff fails to challenge Defendants' compelling interest in his rehabilitative needs as a sexual offender. Plaintiff has offered neither evidence nor argument to contravene Dr. Waltrip's professional opinion that "[e]ven if Randall did not intend to use the materials for an improper purpose, I do not believe continued exposure to nudity of any kind would be beneficial in promoting healthy thinking patterns for Randall." Waltrip Decl. at ¶ 27 (ECF No. 53-7) (filed under seal). Plaintiff fails to create a genuine dispute of a material fact that allowing him access to the nude imagery in *Tarot Compendium* would further Defendants' compelling interest in his rehabilitation as a sexual offender.

Still, Defendants fail to show that their offer to provide alternate texts of their choice instead of *Tarot Compendium* is the least restrictive means of furthering their compelling government interests. Defendants rely on *Yellowbear v. Lampert*, 741 F.3d 48, 62-63 (10th Cir. 2014) for the proposition that "under RLUIPA's least-restrictive means standard, the government must 'refute … alternative schemes suggested by the plaintiff to achieve [the compelling governmental interest] and show why they are inadequate." ECF No. 68 at 6 (quoting *Yellowbear v. Lampert*, 741 F.3d at 62–63 (alterations in original.)) Defendants' proposed rule is inconsistent with RLUIPA's requirement that the government bears the burden to demonstrate that its policy

is the least restrictive means of furthering a compelling governmental interest. *See* 42 U.S.C.S. § 2000cc-1(a); *Ramirez v. Collier*, 595 U.S. at 432.

In *Ramirez*, the Supreme Court considered "obvious" less restrictive alternatives. *Ramirez v. Collier*, 595 U.S. at 432. *Ramirez* involved an inmate's challenge to Texas prison policies prohibiting audible prayers and physical touch during an execution. Prison officials cited a variety of safety and security justifications for their policy and argued that the least restrictive alternative analysis need only consider alternatives proposed by the inmate. The Supreme Court disagreed. After presenting alternative means to accomplish the prison's compelling interest in preventing accidental interference with the execution, the Supreme Court ruled that:

> Texas does nothing to rebut these obvious alternatives, instead suggesting that it is Ramirez's burden to "identify any less restrictive means." Brief for Respondents 41. That gets things backward. Once a plaintiff has made out his initial case under RLUIPA, it is the government that must show its policy "is the least restrictive means of furthering [a] compelling governmental interest." 42 U. S. C. §2000cc-1(a)(2).

*Ramirez v. Collier*, 595 U.S. at 432.

Defendants fail to show that their refusal to deliver *Tarot Compendium* would be less restrictive than allowing Plaintiff access to a redacted version as suggested Dr. Waltrip, the prison psychologist. Dr. Waltrip averred that Plaintiff's rehabilitative needs would be met by allowing him access to a copy of *Tarot Compendium* with the nudity redacted. Waltrip Decl. at ¶ 16 (ECF No. 53-7) (filed under seal).

Nor have Defendants shown that a redacted version would compromise prison safety and security. Defendants have argued that the nudity contained in the unredacted *Tarot Compendium* could increase sexual contact, theft and violence within the prison. Defendants have offered no evidence that a redacted version poses similar risk.

Instead, Defendants have argued that redaction would be unfeasible. As noted in the Order Taking Under Advisement (ECF No. 76), Defendants have failed to support their argument that it would be unfeasible to redact *Tarot Compendium* for Plaintiff's use. James Hudspeth, the only official to address the feasibility of redaction, invoked the slippery slope as a basis for the prison's inability to redact *Tarot Compendium*: "[d]ue to the large quantity of publications inmates request on a regular basis, the prison lacks the capacity to vet every one of those materials for nude imagery and to redact them accordingly." ECF No. 52-17 ¶ 7, at 3. However, the Supreme Court has rejected such rationale as a basis to deny relief under RLUIPA. *Ramirez v. Collier*, 595 U.S. at 432-33(quoting *Holt*, 574 U. S., at 363) ("RLUIPA, however, requires that courts take cases one at a time, considering only 'the particular claimant whose sincere exercise of religion is being substantially burdened.'")

The Court has coordinated with Defense Counsel to prepare a draft redacted version of *Tarot Compendium*. *See* ECF No. 79. The Court originally proposed redactions of 117 images on 62 of *Tarot Compendium*'s 655 pages. (ECF No. 76, at 7-9.) Defense Counsel requested an additional 43 redactions on 25 pages, some of which had already been redacted. (ECF No. 77.) The net result is approximately 160 redactions on 75 pages. No text has been redacted and nearly six hundred pages remain unredacted. Each page containing a redacted image has been marked with a removable tab. The vast majority of information in the unredacted version is accessible in the redacted version.

Defendants fail to show that their refusal to deliver *Tarot Compendium* is the least restrictive means to further their compelling governmental interests. Allowing Plaintiff access to a redacted version of *Tarot Compendium*, as proposed by the prison psychologist, is an obvious less restrictive alternative.

## MOTION TO APPOINT

Plaintiff requests counsel to assist in discovery and to represent him at trial. See ECF No. 66. Plaintiff's previous request for appointment of counsel was denied. ECF No. 5. The order denying counsel (ECF No. 5) advised the parties that "if, after the complaint is more completely screened, it appears that counsel may be needed or of specific help, an attorney will be asked to appear *pro bono* on Randall's behalf." *Id*. at 2. Defendants gave notice of non-objection to Plaintiff's second motion for appointment of counsel. ECF No. 69.

When deciding whether to appoint counsel, courts consider a variety of factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation and internal quotation marks omitted) The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)

The Court concludes that counsel to advise Plaintiff is now needed. Specifically, Counsel will be appointed for the limited purpose of representing Plaintiff in settlement negotiations. Plaintiff has failed to show that his rehabilitative needs may be met by allowing him access to the nude imagery in the unredacted *Tarot Compendium*. Defendants fail to carry their burden to show that a total denial of *Tarot Compendium* is the least restrictive means of furthering their compelling governmental interests.

Accordingly, the Court has coordinated with Defense Counsel to prepare a draft redacted version of *Tarot Compendium*. *See* ECF No. 79. Plaintiff's counsel will have the opportunity to compare the draft redacted version with an unredacted copy of *Tarot Compendium* to assist in

settlement negotiations.

## CONCLUSION

Defendants are not entitled to summary judgment as a matter of law because they have failed to show that their policy is the least restrictive means of furthering their compelling governmental interests. Defendants' motion for reconsideration (ECF No. 68) must be DENIED.

Plaintiff's motion for appointment of counsel (ECF No. 66) is GRANTED. Counsel will be appointed for the limited purpose of conducting settlement negotiations. If the parties are unable to reach a settlement, counsel will be discharged and Plaintiff may resume pro se litigation.

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motion for Reconsideration (ECF No. 68) is **DENIED**.

2. (2) The Court's order denying counsel (ECF No. 5) only as it regards denying counsel is **VACATED**.

3. Plaintiff's Motion for Appointment of Counsel (ECF No. 66) is **GRANTED IN PART AND DENIED IN PART**.

4. The Clerk of Court must request *pro bono* counsel for limited representation of Plaintiff. Specifically, at this time, counsel is appointed solely for the purpose of representing Plaintiff in settlement negotiations. Once this role is fulfilled, counsel may enter a notice of completion of the limited appearance and request to withdraw.

5. Plaintiff's counsel shall enter an appearance within fourteen days of appointment.

6. Plaintiff's counsel is instructed to arrange pickup of the draft redacted version of *Tarot Compendium* prepared by the Court at Orrin Hatch Courthouse in Salt Lake

City as soon as practicable.

7. Defendants are ordered to produce an unredacted copy of *Tarot Compendium* **for Plaintiff's counsel's eyes only**. Plaintiff's counsel may allow Plaintiff to review the redacted version of *Tarot Compendium*, but may not allow Plaintiff access to the unredacted copy without specific instruction by the Court.

8. The Parties will have 120 days after Plaintiff's counsel makes an appearance to attempt resolution through informal negotiations.

9. If settlement is unsuccessful, Plaintiff's counsel will be relieved from representation and Plaintiff may proceed with litigation *pro se*.

10. Pending the settlement negotiations, all other deadlines in this proceeding are STAYED

DATED this 24th day of September, 2025.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court
